IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHYLLIS WOLFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-0351-N |
| | ) | |
| ROYAL AMERICAN MANAGEMENT, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on numerous motions: defendant's Second Motion to Dismiss Complaint With Prejudice as Moot (doc. 36), together with plaintiff's Response (doc 38) and defendant's Reply (doc. 39); Plaintiff's Motion to Approve Settlement Agreement (doc. 41), defendant's Response (doc. 50) and plaintiff's Reply (doc. 51)[1]; plaintiff's Motion to Waive Jury Trial (doc. 43); and plaintiff's Motion to Supplement Record (doc. 49) along with defendant's Response (doc. 50). The parties have consented to the exercise of jurisdiction by the undersigned Magistrate Judge (doc. 10) and the case has been referred to the undersigned for all purposes (doc. 11).

The motions relate to the effect to be given a purported settlement between plaintiff and defendant. A hearing on the pending matters[2] was held on March 19, 2012: attorneys Banks Ladd and Henry Seawell appeared on behalf of the plaintiff and attorney David Byrne was present for defendant.

---

[1] Plaintiff filed a Motion for Leave to Reply (doc. 51) to which the Reply is attached as an exhibit. Defendant has filed a Response (doc. 52) to the Motion for Leave.

[2] The hearing notice (doc. 40) provided that the hearing would "cover all issues raised in connection with defendant's Motion to Dismiss."

Procedural Background

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA") seeking payment for overtime that she alleged she worked in her position with defendant and for liquidated damages. The complaint also raises a state-law breach of contract claim and a request for declaratory relief, and her FLSA claim includes a request for an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b). Defendant has denied the allegations.

In her initial disclosures and discovery responses, plaintiff identified the period in which she claims she worked "off the clock" overtime, and calculated that defendant failed to pay her $1800 in overtime wages. Liquidated damages under the FLSA in the same amount bring her total itemized damages claim to $3600.

On July 28, 2011, a panel of the Court of Appeals for the Eleventh Circuit entered an order in Dionne v. Floormasters Enterprises, Inc. ("Dionne I"), 647 F.3d 1109 (11th Cir. 2011), which appeared to allow a defendant in an FLSA case to bypass the requirements of Fed.R.Civ.P. 68 governing offers of judgment and, by the simple expedient of making a tender of twice the claimed wages, render the FLSA action moot at any stage in the litigation whether or not the offer was accepted, avoiding an award of attorneys' fees under the statute. On rehearing, the panel issued a corrected order ("Dionne II"), 667 F.3d 1199 (11th Cir. 2012) to make clear that its ruling was based on the unusual fact that plaintiff had *conceded* that "the claim for overtime should be dismissed as moot."

On December 1, 2011, defendants tendered $3600 to plaintiff through her attorney and filed Defendant's Tender of Full Payment and Motion to Dismiss Complaint with Prejudice (doc.

18) on the basis of <u>Dionne I</u>.[3]  On February 6, 2012, following the entry of <u>Dionne II</u>, the court denied defendant's Motion.  Doc. 35.  Four days later, defendant filed its second Motion to Dismiss Complaint With Prejudice as Moot (doc. 36).  Defendant's second motion is premised on a purported in-person settlement between the plaintiff and agents of the defendant.

Despite the attention focused by counsel for both parties on the details of the settlement process,[4] the basic facts are as follows: after plaintiff received a 1099 form reflecting a payment of $3600.[5]  Plaintiff called defendant to determine what 1099 was for.  Plaintiff was informed of the prior tender for the first time and indicated that she was interested in settling her case.  The parties arranged for plaintiff to come to defendant's offices where she signed a general release and took the $3600 check.

Defendant claims that the payment and release constitute an accord and satisfaction, rendering the action moot and, as a result, plaintiff is not entitled to an award of fees since there is no judgment in the case which would render plaintiff the prevailing party.  Plaintiff counters with authority that any private settlement of an FLSA claim must be approved by the court for reasonableness, *see e.g.* <u>Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor,</u> 679 F.2d 1350, 1352 (11th Cir. 1982).  Defendant thereafter alternatively argues that, should the court follow such authority, it should find the settlement to be reasonable and either a) find the

---

[3] After discussions concerning a settlement to include attorneys' fees, defendant made an offer of $5,000.00, which plaintiff's counsel rejected without notifying his client.

[4] Defendant notes repeatedly that plaintiff's counsel failed to notify his client of the two prior offers it had made to settle the entire case for $3600 and argues that this lapse should preclude any award of fees.  Plaintiff's counsel notes that defendant's counsel may have been involved in their client's direct contact with plaintiff and the plaintiff's uncounseled settlement agreement.

[5] Defendant asserts this document was sent in the ordinary course of business despite the fact that the original tender check was never cashed but was returned to defendant's counsel.

settlement to be reasonable without payment of attorneys fees or b) should limit any fee award to no more than an additional $3600.[6]

Arguing in the alternative,[7] plaintiff has filed a Motion (doc. 41) seeking approval of the settlement on the merits and requests leave to request an award of fees and costs.[8]

## Analysis

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

In Lynn's Food Stores, Inc. v. U.S. ex rel. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit Court of Appeals affirmed the dismissal of a declaratory judgment action brought by an employer. The employer, Lynn's Food Stores, sought a declaration[9] that a settlement entered by a group of employees precluded the employer's liability under the FLSA.

---

[6] Defendant argues at length that plaintiff's counsel has racked up unnecessary fees. It picks the $3600 figure as reasonable apparently because a) it equals what plaintiff claims as damages and/or b) because it equals the offer defendant made to plaintiff for attorneys' fees after the filing of the instant motions.

[7] Plaintiff had previously argued in opposition to the Motion to Dismiss that the settlement should be rejected on various grounds, including the existence of a parallel state-law breach of contract claim and a declaratory judgment claim as well as the possibility that plaintiff might also be able to prove an additional FLSA damages for shaving hours. In seeking approval of the settlement, plaintiff has dropped these prior arguments against approval.

[8] Plaintiff's counsel has submitted detailed time records as an exhibit at the hearing, but nonetheless claims that it has not yet presented the issue of the amount of such relief.

[9] The Court of Appeals recharacterized the action as seeking judicial approval of the settlement and

The district court held that the settlements violated the FLSA and thus were of no effect. The Court of Appeals agreed.

The Court held that the FLSA sought to protect employees from "inequalities in bargaining power between employers and employees," and thus Congress made its provisions mandatory. Id. at 1352, *citing* Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." Id. *quoting* Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, ---, 101 S.Ct. 1437, 1445 (1981).

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c) the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Lynn's Food Stores, at 1352-53; *see* id. at n.8.

> As the Eleventh Circuit found in Lynn's Food Stores,
>
> It is clear that the agreements for which Lynn's seeks judicial approval fall into neither recognized category for settlement of FLSA claims. The agreements cannot be approved under section 216(c) because they were not negotiated or supervised by the Department of Labor; and because the agreements were not entered as a stipulated judgment in an action brought against Lynn's by its employees, the agreements cannot be approved under existing case law.

Id. at 1353 and n.9. In that case, there were no judicial proceedings pending at the time of the 'settlement'. The Court held that

5

> [s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage of computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

The manner in which the instant settlement was reached does not cleanly fit into this category of settlements, as defendant reached the settlement without the participation of plaintiff's counsel. However, in light of the Motion to Approve Settlement filed by plaintiff, the court finds that it is within its discretion to accept this settlement as a valid one if it is found to be reasonable.

With regard to the matter of attorney's fees and costs, such matters are generally submitted to the court after judgment is entered on the settlement on the merits. *See e.g.* Saizan v. Delta Concrete Products Co., Inc., 448 F.3d 795 (5th Cir. 2006). On occasion, a settlement may include an agreed provision for the award of fees, *see e.g.* Davis v. J.P. Morgan Chase & Co., 2011 WL 4793835 (W.D.N.Y. 2011), but that is not required.

To the extent that the settlement agreement purports to preclude any award for attorney's fees, the court finds that it would not be reasonable. *See e.g.* Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009). However, in the context provided herein, such does not appear to be the intention of the parties: for example, after plaintiff accepted the $3600.00 check, counsel for

plaintiff and defendant continued to negotiate over a reasonable attorney's fee to be paid by defendant.[10]

As plaintiff's wage claim was stated to total $1800 and as the settlement includes that full amount as well as an equal amount for liquidated damages, the court finds that the settlement is reasonable. Accordingly, it is hereby ORDERED that defendant's Motion to Dismiss is DENIED, that plaintiff's Motion to Approve Settlement Agreement is GRANTED; that plaintiff is authorized to submit a petition for fees and costs no later than May 3, 2012[11]; that plaintiff's Motion to Waive Jury Trial is DENIED as Moot; and that plaintiff's Motion to Supplement Record is GRANTED. The court will enter judgment on the merits of plaintiff's claim in the amount of $3,600.

DONE this the 18th day of April, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[10] Defendant has elsewhere indicated that it did not want to leave the fee amount open-ended while settling the merits of the case. Regardless, that is the procedural posture presented by the pending motions.

[11] The parties should endeavor to reach an agreement on the amount of attorneys fees. Toward that end, the court provides the following as guidance. The court has broad discretion in awarding fees. Gary v. Health Care Services, Inc., 744 F.Supp. 277 (M.D.Ga.), aff'd 940 F.2d 673 (11th Cir. 1990). Defendant claims that plaintiff's counsel will seek attorneys fees in excess of $100,000; while the amount of the lost wages does not pose a limit on the amount of the fee, it may be a consideration, see Azam-Qureshi v. The Colony Hotel, Inc., 540 F.Supp.2d 1293 (S.D.Fla. 2008), and an attorney seeking to hold the opposing party responsible for a fee which would be 25 to 30 times the recovery would bear a heavy burden to prove reasonableness of such a fee.