IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHYLLIS WOLFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV-11-351-N |
| | ) | |
| ROYAL AMERICAN MANAGEMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

This matter is before the court on the following:  plaintiff's Motion For

Attorneys' Fees (doc. 55) and accompanying brief (doc. 56); defendant's Response

(doc.60); plaintiff's Reply (doc. 63); plaintiff's Supplemental Motion for Attorneys' Fees

(doc. 64), and defendant's Response (doc. 66).  The parties have consented to the

exercise of jurisdiction by a Magistrate Judge (doc. 10), and this action was referred to

the undersigned (doc. 11) for all purposes.  Upon consideration, plaintiff's Motion for

Attorneys' Fees (doc. 55) and Supplemental Motion for Attorneys' Fees (doc. 64) are

**GRANTED in part**, as set forth herein.

<u>Background</u>

Plaintiff filed this action on June 30, 2011, under the Fair Labor Standards Act

("FLSA") seeking payment for overtime that she alleged she worked in her position with

defendant and for liquidated damages. Her FLSA complaint (doc. 1) includes a request

for an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b). The

complaint also raised a state-law breach of contract claim and a request for declaratory

relief.

In her initial disclosures and discovery responses, plaintiff identified the period in which she claims she worked "off the clock" overtime, and calculated that defendant failed to pay her $1800 in overtime wages. The statutory claim under the FLSA for liquidated damages in the same amount bring her total itemized damages claim to $3600. Defendant's Answer (doc. 5) denied the factual allegations and raised numerous defenses.

On December 1, 2012, defendant filed a Motion to Dismiss (doc. 18) on the basis that it had made an offer of settlement in the amount of $3600.00. Based on ambiguous language in the original decision in Dionne v. Floormasters Enterprises, Inc. ("Dionne I"), 647 F.3d 1109 (11th Cir. 2011), *opinion vacated and superceded on reh'g,* 667 F.3d 1199 ("Dionne II")(11th Cir. 2012),[1] defendant argued that the FLSA action was rendered moot by its tender of the full amount of actual and liquidated damages claimed. Plaintiff filed a Response (doc. 19) on December 2, 2012, and defendant filed a Reply (doc. 25)[2].

Pending resolution of its Motion to Dismiss, defendant filed a Motion to Stay Discovery (doc. 20), to which plaintiff filed a Response (docs. 23, 24) and defendant filed a Reply (doc. 28).

While defendant's first motion to dismiss was pending, plaintiff filed a Motion for

---

[1] On rehearing, the panel clarified its prior holding, noting that its finding of mootness was based on the unusual fact that plaintiff had expressly conceded that his claim should be dismissed as moot. Id. at n.5. The court expressly held the decision "should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, prior to the time a jury has returned its verdict, or the trial court has entered judgment on the merits of the claim." Id.

[2] Defendant filed a Motion for Leave to File Reply, to which the Reply was appended. The motion was granted (doc. 26) but the attached Reply was never separately docketed.

Partial Summary Judgment (doc. 22), seeking entry of judgment for the full amount of defendant's tender and allowing plaintiff to petition for attorneys' fees under the Act. Defendant filed a Response (doc. 30) and plaintiff filed a Reply (doc. 32).

During the same period, defendant also filed a Motion for Summary Judgment (doc. 29), to which plaintiff responded (doc. 32) and defendant replied (doc. 34). On February 3, 2012, the undersigned entered an order (doc. 35) denying the Motion to Dismiss, the Motion to Stay, plaintiff's Motion for Partial Summary Judgment, and defendant's Motion for Summary Judgment. The court held that neither the tender of $3600.00 nor the actual payment to plaintiff of the same amount rendered the action moot or precluded an award of reasonable attorneys fees under the FLSA.

On February 10, 2012, defendant filed a second Motion to Dismiss (doc. 36) the action as moot on the basis that defendant, without the knowledge of or participation of plaintiff's counsel, had made a purported settlement with plaintiff and had paid her the sum of $3,600.00. Plaintiff filed a responsive brief (doc. 38) and defendant filed a Reply (doc. 39). The court set the matter for hearing (doc. 40), which was held on March 19, 2012.

Following the hearing, plaintiff filed numerous motions: a Motion to Approve Settlement Agreement (doc. 41), a Motion to Strike (doc. 42) portions of defendant's Reply to its Second Motion to Dismiss which addressed plaintiff's entitlement to an award of attorneys' fees; plaintiff argued that such matters had not been addressed in the motion or response and were improperly raised in the Reply. Plaintiff also filed a Motion to Waive Jury Demand (doc. 43) and a Motion to Supplement the Record (doc. 49) seeking leave to replace one of the exhibits filed at the hearing with a redacted copy.

Defendant responded (doc. 50) to the Motion to Approve Settlement Agreement; plaintiff replied (doc. 51); and defendant filed an unsolicited sur-reply (doc. 52). On April 18, 2012, the undersigned entered an order (doc. 54) denying defendant's second motion to dismiss on the grounds that, under binding precedent from the Eleventh Circuit in Lynn's Food Stores, Inc. v. U.S. ex rel. Dep't of Labor, 679 F.2d 1350 (11ᵗʰ Cir. 1982) (*quoting* Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981)), "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees" and that neither was applicable to the payment by defendant's agents bypassing plaintiff's counsel and dealing directly with plaintiff in an amount equal only to the amount claimed as actual and liquidated damages.  Doc. 54 at 5-6.  In considering plaintiff's Motion to Approve Settlement, the court held that it had the discretion to approve the settlement if it was 'reasonable,' but that any purported provision precluding an award of fees was not reasonable.  Id. at 6.  However, the court held that it was not the apparent intent of the parties that the settlement should preclude an award of fees.  Id. The court approved the settlement in the amount of $3,600.00 and authorized plaintiff to submit a fee petition.  Id. at 6-7.

## Authority on Fees

"The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. §216 (b).  To calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. *See* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). These amounts are multiplied together to determine the so-called

"lodestar." *See, e.g.*, Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149–50 (11th Cir. 1993).  "Adjustments to that fee then may be made as necessary in the particular case." Blum v. Stenson, 465 U.S. 886, 888 (1984).  Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434.  Even when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation. *See* id. While the "lodestar" method effectively replaced the balancing test previously prescribed by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the twelve Johnson factors[3] "might still be considered in terms of their influence on the lodestar amount." Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The plaintiff bears the burden of documenting and proving reasonable hours expended and reasonable hourly rates.  ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  The plaintiff must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity.  Id.[4]

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the

---

[3] The twelve Johnson factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-19.

[4] Despite the deficiencies found below in plaintiff's documentation, the court nonetheless finds it inappropriate in this case to strike plaintiff's motions or deny fees for failure to comply with this clarity requirement.  The court attempts to craft an award of reasonable fees despite the imprecision in the records.

requested hours with an **across-the-board cut**." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (emphasis added).  As discussed in detail below, the court finds it necessary in this case to take the latter approach.

<u>Analysis</u>

This case should have presented a simple, straightforward case for failure to pay overtime.  Plaintiff initially sought an unstated amount of overtime pay but eventually provided a figure of $1800.  Defendant argues that plaintiff's counsel sought to run up the fees in this case and failed to use billing judgment.  While the court agrees to some extent with this characterization, defendant minimizes or ignores the lengths to which its counsel went to deny the allegations and to avoid paying plaintiff's counsel for attorneys' fees despite the provision of the FLSA making such fees an integral part of any recovery. Those efforts substantially increased the time plaintiff's counsel reasonably spent on this case.[5]  In addition, defendant complains about awarding plaintiff's counsel any fee where counsel apparently failed to notify plaintiff of two previous settlement offers made by defendant, arguably extending the litigation.

The provision for an award of fees to a prevailing plaintiff under the FLSA is not based on a finding of defendant's fault, but, rather, on the Congressional determination that such a provision was needed to make plaintiffs whole, *see* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697. 706 n. 15, 16 (1945) (addressing legislative history of fee provision); Greenberg v. Arsenal Bldg. Corp., 50 F.Supp. 700 (S.D.N.Y. 1943)(*rev'd in part on other grounds by* O'Neil, *supra*.), and, particularly where recoveries were likely

---

[5] *See* City of Riverside v. Rivera, 477 US 561, 580 n. 11 (1986) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Quoting* Copeland v. Marshall, 641 F.2d 880, 904 (1980).).

to be small, remains important to attract competent counsel for claims seeking relatively small damages.[6]  Estrada v. Alexim Trading Corp, 2012 WL 4449470, *13 (S.D.Fla. Sept. 26, 2012).  However, "an entitlement to attorney's fees cannot be a carte blanche license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction."  Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1168-69 (S.D. Fla. 2003).

With this legal framework in mind, the court begins its analysis by considering the reasonableness of the hours and hourly rate claimed by plaintiff's counsel.  Plaintiff's counsel has submitted the following charges in their Motion for Attorneys' Fees:

| Name | Rate | Hours | Total |
|------|------|-------|-------|
| *attorneys* | | | |
| Banks C. Ladd | $250/hr | 379.5 | $94,875.00 |
| Henry Seawell | $200/hr | 114.9 | $22,980.00 |
| Mary Carol Ladd | $225/hr[7] | 36.1 | $ 8,122.50 |
| Stacie Vitello | $100/hr | 106.4 | $10,640.00 |
| Stephanie Booth | $100/hr | 10.9 | $ 1,090.00 |
| *paralegal* | | | |
| Leigh McConnell | $ 80/hr | 1.5 | $   120.00 |
| | | 649.3 | $137,827.50 |

---

[6]   The Supreme Court, in City of Riverside v. Rivera, 477 US 561 (1986), held in a civil rights action that there is no *per se* requirement that attorneys fees be proportional to the amount of the recovery.  "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims bur relatively small potential damages to obtain redress from the courts."  *See also* Kerr v. Quinn, 692 F.2d 875, 877 (2nd Cir. 1982) ("The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel").

Defendant also suggests that the court, as a matter of discretion, deny plaintiff any award of fees, or limit counsel to a contingency fee from plaintiff's $3,600.00 recovery. Presuming that either such proposal is allowed under the FLSA's attorney's fee scheme, the court declines to take either approach.

[7] In the Supplemental Motion for Attorneys' Fees, plaintiffs counsel reduced the hourly rate claimed for work by Mary Carol Ladd from $250/hour to $225/hour, based on review of recent cases in this district.  *See* doc. 64 at 2, n.3.

Also, plaintiff's counsel[8] seeks the following additional fees for work in litigating

the fee issue:

| | | | |
|---|---|---|---|
| Banks C. Ladd | $250/hr | 25.6 | $6,400.00 |
| Mary Carol Ladd | $225/hr[9] | 30.5 | $6,862,50 |
| Stephanie Booth | $100/hr | 3.6 | $  360.00 |
| | | 59.7 | $13,622,50 |

Reasonable Hourly Rate

Plaintiff claims that the following hourly rates charged in this action are

reasonable.

| Name | Rate | Experience |
|---|---|---|
| Banks C. Ladd | $250 | 18.5 yrs |
| Mary Carol Ladd | $225 | 16.5 yrs |
| Henry Seawell | $200 | 5.5 yrs |
| Stacie Vitello[10] | $100 | 0.5 yrs |
| Stephanie Booth | $100 | 3.5 yrs |
| Leigh McConnell | $ 80 | 10.0 yrs (paralegal) |

In light of prior awards in this court, and the court's own experience with

attorneys' fees in the Mobile market, the rates charged appear to be reasonable. *See e.g.*

Lifeline Pharmaceuticals, LLC v. Hemophilia Infusion Managers, LLC, 2012 WL

2600181, at *3 (S.D. Ala. July 5, 2012); Adams v. Austal, U.S.A., L.L.C., Slip Copy,

---

[8] Attorney Seawell purportedly worked 11.1 hours, but did not submit a bill in connection with the supplemental fee petition.

[9] In the chart of claimed fees contained in the supplemental fee petition (doc. 64), Mary Carol Ladd was shown as claiming a rate of $220/hour. The total figure, however, was calculated based on the $225/hr figure; the court presumes the rate shown in the chart was an error.

[10] In his Affidavit (exhibit 55-2), Attorney Ladd refers to Stacie Vitello and Stephanie Booth as attorneys and paralegals. Mr. Ladd explains that Ms. Booth had approximately 5 years experience as a paralegal prior to going to law school, and 3.5 years experience thereafter; it appears that she is billed at a rate for a new attorney. Mr. Ladd does not explain the dual designation with respect to Ms. Vitello: in the motion she is simply identified as an attorney, but on time sheets is again given the dual description. The court assumes that the half-year of experience is in her role as an attorney, and that she was utilized and billed as such in this action.

Civil Action No. 08–0155–KD–N, 2010 WL 2496396, at *6, 2010 U.S. Dist. LEXIS 59811, at *22 (S.D. Ala. June 16, 2010); <u>Adams v. Austal, U.S.A., L.L.C.</u>, Civil Action No. 08–0155–KD–N, 2009 WL 3261955, at *2, 2009 U.S. Dist. LEXIS 94202, at *7 (S.D.Ala. Oct. 7, 2009); <u>Wells Fargo Bank, N.A. v.. Williamson</u>, Slip Copy, Civil Action No. 09–00557–KDC, 2011 WL 382799, at *4, 2011 U.S. Dist. LEXIS 10838, at *12 (S.D.Ala. Feb. 03, 2011).

<u>Reasonable Hours Expended</u>

The highest amount of actual damages ever claimed by plaintiff was $1,800.00; while there is no *per se* rule of proportionality, *see* <u>Rivera</u>, 477 U.S. at 574, the Court made clear that could still be considered a factor in determining the reasonableness of a fee request.  "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under §1988. … It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees."  <u>Id</u>. (citation omitted).

> [A] "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. *See* <u>[Pennsylvania v. ] Delaware Valley [Citizens' Council for Clean Air]</u>, 478 U.S. [546], at 565, 106 S.Ct. 3088 [(1986)] ("[I]f plaintiffs ... find it possible to engage a lawyer based on the statutory assurance that he will be paid a 'reasonable fee,' the purpose behind the fee-shifting statute has been satisfied"); <u>Blum [v. Stenson]</u>, *supra*, [465 U.S. 886] at 897, 104 S.Ct. 1541 [(1984)] ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys" (ellipsis, brackets, and internal quotation marks omitted)). Section 1988's aim is to enforce the covered civil rights statutes, not to provide "a form of economic relief to improve the financial lot of attorneys." <u>Delaware Valley I</u>, *supra*, at 565, 106 S.Ct. 3088.

<u>Perdue v. Kenny A. ex rel. Winn</u>, --- U.S. ----, 130 S.Ct. 1662, 1672-73 (2010).

In addition to the specific manner in which particular time entries have been overstated, addressed below, the court simply finds it excessive to seek to charge defendant with over $150,000.00 in fees for the litigation of a straightforward claim, without trial, for overtime compensation of at most $1,800.00.[11]  As noted below, the court takes into account the unusual issues injected into this case by defendant; there was a certain amount of novelty to the defendant's first Motion to Dismiss based on Dionne I, which implicates another of the Johnson factors.  Nonetheless, even at the initial stages of the case before this action became anything other than a standard FLSA overtime suit, there appears to have been little restraint or proportionality in the fees charged.[12]  It appears that some of that approach carried over into billing thereafter.  Regardless, in light of the gross disparity between what plaintiff claimed and what her attorneys now seek for obtaining the recovery, there is significant potential for the fee award to become a windfall for plaintiff's counsel.  FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith.  The court considers these factors in determining the reduction to be applied to the fees requested in this action.

As noted by defendant, the billing records submitted by plaintiff's counsel contain blocks of time with a description of all actions performed, rather than

---

[11]  Counsel is seeking fees approximately forty two times the value of the claim.

[12]  Defendant notes that, even before this action was filed, and in the early stages of the litigation, plaintiff's counsel claimed fees which appeared excessive.  At the time he wrote his initial demand letter on April 18, 2011, Attorney Seawell claims to have performed 13.9 hours in compensable time.  He had been hired on April 4, 2012, and had been plaintiff's attorney for two weeks.  The second demand letter, sent by Attorney Ladd on June 15, 2011, included a claim for fees in the amount of $9,092.50 on an estimated overtime claim of $525.  No action had yet been filed.

itemizing the time billed by specific tasks.  Some of the entries contain more than

a half-page of single-spaced text, and may contain as many as a couple of dozen

different tasks.  This approach makes it impossible for the court, when reducing

the time claimed for specific actions, to make a precise adjustment.[13]  The

Eleventh Circuit has acknowledged the problems created by block billing, as that

sort of timekeeping "makes it difficult, if not impossible, to calculate with any

precision the number of hours an attorney devoted to a particular task in [the]

litigation." <u>ACLU v. Barnes</u>, 168 F.3d 423, 429 (11th Cir. 1999).  Adjustments for

block billing have been found to be appropriate.  *See* <u>Ceres Environ. Serv., Inc. v.</u>

<u>Colonel McCrary Trucking, LLC</u>, 476 Fed. Appx. 198 (11th Cir. 2012)(10%

reduction); <u>Mock v. Bell Helicopter Textron, Inc.</u>, 456 Fed. Appx. 799 (11th Cir.

2012)(20% reduction, including duplication of efforts as well as block billing).

The court finds such a reduction appropriate in this case.

"When a district court finds the number of hours claimed is unreasonably high,

the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the

requested hours with an **across-the-board cut**." <u>Bivins v. Wrap it Up, Inc.</u>, 548 F.3d

1348, 1350 (11th Cir. 2008) (emphasis added); *see* <u>Padurjan v. Aventura Limousine &</u>

<u>Transp. Service, Inc.</u>, 441 Fed.Appx. 684 (11th Cir. 2011)(upholding percentage cuts to

requested fees); <u>Williams v. R.W. Cannon, Inc.</u>, 657 F.Supp.2d 1302, 1309 (S.D.Fla.

2009).

---

[13] Even with regard to joint events, such as conferences between plaintiff's attorneys, it is not clear that each attorney billed the event in the same way, and additional related tasks such as drafting a memorandum of the conversation make simple comparison of the entries of both attorneys a poor means of trying to find more precise estimates.

> The court also considers the basic caveats set forth by the Eleventh Circuit for reasonableness of attorneys fees, such as that time billed must not be "excessive, redundant, or otherwise unnecessary ..." <u>ACLU v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999). Similarly, hours spent on purely clerical work or secretarial tasks are unrecoverable overhead expenses. <u>Allen v. U.S. Steel Corp.</u>, 665 F.2d 689, 697 (5th Cir. 1982). Paralegal expenses are recoverable only to the extent that the paralegal performs work traditionally done by an attorney. Otherwise, paralegal expenses are unrecoverable overhead expenses. <u>Id</u>.

<u>Western Sur. Co. v. Bradford Elec. Co., Inc.</u>, 483 F.Supp.2d 1114, 1121 (N.D.Ala.,2007)

Attorney Henry Seawell was hired by plaintiff on April 4, 2011 to pursue plaintiff's overtime claim. He sent an initial demand letter and, when that was unsuccessful, associated the firm of Banks C. Ladd, P.C., which began working on the case on May 9, 2011.  In addition to Mr. Seawell and Mr. Ladd, three other attorneys and a paralegal with the Ladd firm worked on plaintiff's case.  This staffing level raises issues of redundancy.

> In making adjustments to hours claimed, the district court is charged with deducting for redundant hours.  Redundant hours generally occur where more than one attorney represents a client.  There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.

<u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  It is movant's burden to demonstrate that the time spent by multiple counsel reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation. <u>American Civil Liberties Union of Georgia, v. Barnes</u>, 168 F.3d 423, 432 (11th Cir. 1999).

The affidavit of Banks Ladd, doc. 55-2, states that Attorney Seawell was responsible for factual investigation.  However, a close review of the hours billed by plaintiff's counsel demonstrates that the use of multiple attorneys on this case in fact

resulted in duplicative efforts, including a large number of entries concerning emails and

conferences between Attorneys Seawell and Ladd, as well as between Mr. Ladd and other

attorneys in his firm, *see e.g.* doc. 55-3, entries dated 05/09/11, 05/11/11. 05/16/11,

05/18/11, *etc.*, and several entries by Attorney Ladd concerning factual investigation, *see*

*e.g.* id., entries dated 05/11/11, 06/13/11, 07/06/11, 07/07/11, 08/01/11, *etc.*, the aspect of

the case purportedly handled by Attorney Seawell.  The court finds that plaintiff's

counsel's use of multiple attorneys has led to unreasonable duplication of effort and

billing for conferences that were only necessitated by the use of multiple attorneys.

Plaintiff has not demonstrated that these charges are reasonable or customary, and thus

that they should be chargeable to defendant.  Accordingly, the court will adjust the

claimed hours to attempt to remove such charges; as noted above, such adjustment must

be by estimation due to the imprecision in plaintiff's time records.  The court finds that a

downward adjustment to the claims by Attorneys Banks Ladd, Mary Carol Ladd and

Henry Seawell is appropriate to offset the redundancy.

   In addition, while it was certainly appropriate for Attorney Seawell to engage in

legal research on the FLSA claims prior to associating Attorney Ladd's firm, and it was

appropriate for that firm to conduct its own legal research into those claims, the two

independent efforts are nonetheless redundant.  The fees for that duplication of effort are

not properly charged to defendant.

   Defendant specifically challenges plaintiff's charges for time[14] spent discussing

FLSA litigation with other attorneys who previously had handled FLSA claims.  These

discussions appear to have been conducted by Mr. Ladd.  The court finds defendant's

---

[14]  For entries reflecting such discussions, *see e.g.* doc. 55-3, entries dated
05/10/11, 05/19/11, *etc.*

objection to be well-taken.  While such consultations may prove to be of use in some instances, Attorney Ladd claims to have prior experience litigating FLSA cases and also claims significant time for legal research on FLSA claims.  Given the apparently simple nature of the instant case at the early stages of litigation when the discussions took place, plaintiff has failed to demonstrate that such discussions were reasonably necessary in this action. The court estimates, from the time entries reflecting such discussions and other activities, that Attorney Ladd has charged approximately 4 hours for these discussions. The court decreases his claimed hours by that amount.

Defendant also challenges a number of entries reflecting clerical tasks performed by Attorney Ladd and charged to defendant at Mr. Ladd's professional rate of $250.00 per hour:

> Reviewing and organizing his file:  May 17, 2011; June 24, 2011; June 30, 2011; July 15, 2011; July 18, 2011; August 2, 2011; August 8, 2011; August 22, 2011; August 31, 2011; September 23, 2011; October 26, 2011; November 15, 2011; December 2, 2011; December 14, 2011; January 13, 2012; January 18, 2012; January 19, 2012; January 27, 2012; February 17, 2012; February 28, 2012; March 23, 2012; April 2, 2012; and April 5, 2012;
>
> Receiving and calendaring dates: July 27, 2011; September 20, 2011;
>
> Searching for witnesses or business on the internet: July 1, 2011; January 6, 2012; January 24, 2012; January 28, 2012;
>
> Conversing with computer experts: January 28, 2012; January 30, 2012; February 1, 2012;
>
> Communication with the Clerk of the Court and this Court's Judicial Assistant: June 30, 2011; July 1, 2011; January 6, 2012; March 16, 2012; and March 21, 2010.

*See* doc. 60 at 15.  The court finds that these entries, among other similar entries, are not recoverable, representing clerical tasks which, even if completed by a paralegal rather

than an attorney, are simply noncompensable overhead.  An adjustment of the fee to address these unbillable activities is appropriate.

With regard to defendant's challenge to research and consultation concerning "ethical issues" in this case, the court finds the challenged work to be partially compensable, despite plaintiff's counsel's decision not to pursue the ethical issues against defendants' counsel.  The greatest complications injected into this otherwise simple case were tied to potential ethical issues on which this court has not undertaken to reach a final determination.  Defendants, utilizing a questionable construction[15] of a decision subsequently withdrawn on rehearing, <u>Dionne v. Floormasters Enterprises, Inc.</u> ("Dionne I"), 647 F.3d 1109 (11th Cir. 2011), *opinion vacated and superceded on reh'g,* 667 F.3d 1199 ("Dionne II")(11th Cir. 2012), attempted to avoid liability for any attorneys fees by the simple expedient of offering to settle for $3,600.00, the full amount of plaintiff's claimed overtime and liquidated damages.  Plaintiff's counsel failed to notify his client of the tender, a failure that defendants' counsel has repeatedly cited in attempting to avoid paying plaintiff's fees.  It appears that plaintiff's counsel began billing for this research at the time of the purported settlement, discussed below, and the filing of defendant's Second Motion to Dismiss, and thus it does not appear that plaintiff's counsel seeks to charge for research on the ethics of its own lapse, but on the rules surrounding defendant's counsel's involvement in the end-run around plaintiff's counsel.

---

[15] Defendant's proposed reading of the original decision not only ignored the attorneys' fees provision of the FLSA and precedent identifying only two ways to settle an FLSA claim and stating that fees were a mandatory element of damages in such a claim, but would have rendered the procedural safeguards of Fed.R.Civ.P. 68, including the requirement that plaintiff be given the chance to accept or reject the offer, and that an accepted offer lead to a judgment to be entered in favor of the plaintiff on her claims in the amount agreed.  It also ignored plaintiff's request for non-monetary relief.

While the motion to dismiss and cross-motions for summary judgment were pending, defendant mailed plaintiff a 1099 tax form for the settlement check rejected by plaintiff's counsel.  Plaintiff called defendant for explanation and discovered the settlement offer.  At their suggestion, she drove to defendant's place of business and signed a release in return for a check in the amount of $3600.00, which she thereupon negotiated.  Defendant filed a Second Motion to Dismiss (doc. 36) four days after the court denied the first motion, claiming the settlement rendered the action moot. Defendant's counsel was involved in the settlement transaction, admittedly providing advice to defendant on the release,[16] but did not stop them or notify plaintiff's counsel of the anticipated transaction.  The court ultimately determined that, under clear precedent from the Eleventh Circuit, Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982), that plaintiff the purported settlement was not valid under the FLSA.  The court held that any settlement would have to be approved by the court before it would be held to be effective.[17] Plaintiff's counsel was nonetheless entitled to carefully consider the ethical issues raised by the actions of defendant's counsel given the highly unusual situation and defendants' strenuous argument that the settlement rendered the action moot, precluding any award of fees to plaintiff.[18]

Supplemental Fee Petition

---

[16] Precedent demonstrates that an attorney need not necessarily make contact directly with the opposing represented party to implicate this rule.  See Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1197-98, 1208-09 (11th Cir. 1985).

[17] The court held that the settlement was reasonable, but did not validly cover the issue of attorneys' fees.

[18] While the issue of an ethical violation was disavowed by plaintiff's counsel, it was not presented to or decided by the court.  In light of the FLSA's policy of protecting workers from the difference in bargaining power between themselves and their employers in the settlement of FLSA claims, the lack of representation in that process was a significant factor in the court's decision.

In addition, plaintiff has filed a Supplemental Motion for Attorneys' Fees (doc. 66) in which counsel seeks fees for their efforts to obtain fees.  Such fees are generally recoverable to the extent they are reasonable.  *See* <u>Martin v. University of South Alabama</u>, 911 F.2d 604, 610 (11th Cir. 1990).  However, the court finds that the claim for an additional $13,622.50 for preparing the fee motions, representing nearly 60 hours of work, is excessive.  Regardless of the number of hours claimed in a fee petition, the preparation of a fee petition may take a great deal of time but ought to be a reasonably straight-forward matter.  *See* <u>Spegon v. Catholic Bishop of Chicago,</u> 175 F.3d 544, 554 (7th Cir. 1999)  ("As to the time spent on the fee petition itself, reasonability is still the key to what will be awarded. The court finds that use of attorneys Stephanie Booth, an associate billed at $100/hour, to handle portions of the organization and calculations necessary to preparation of the petition, while clearly preferable to use of partners for this activity, are nonetheless nonrecoverable overhead because much of that work—as well as some of the work by the Mr. Ladd—is nonetheless basically clerical in nature and should not have been billed.

<u>Summary of Fees</u>[19]

---

[19] Due to the variables injected by the plaintiff's block billing, which make it impossible for the court to determine with precision the number of hours each attorney and paralegal spent on each task and thus the precise amount of time each attorney's requested hours should be reduced to address the problems set forth above, and due further to the sheer number of attorneys, each with a different billing rate, the court finds that a separate statement of reasonable hours to be of very limited usefulness in this particular situation.  The greatest number of unreasonable fee entries lies with the two most active attorneys, Mssrs. Ladd and Seawell, who charge $250 and $200 per hour, respectively.  Any purported attorney-by-attorney, hour-by-hour calculation with no means of achieving greater specificity would be of highly limited accuracy or usefulness.

Further, the court does not have sufficient information to set—nor any legitimate purpose in setting—the proportion of fees which should be paid to each of the firms in this case; that matter may best be decided among plaintiff's counsel without regard to any

Based on the foregoing, the court finds a substantial reduction is appropriate. First, the court reduces the claimed fees by $1,000.00, representing four hours spent by Attorney Banks Ladd at $250 per hour on discussions with other lawyers about their FLSA cases. Second, the court reduces the remaining fees claimed in the initial fee petition by 60%. Third, the court reduces the amount of fees claimed in the supplemental fee petition by 60%. This leaves a total of $60,180.00 in fees which the court finds to be within the range of reasonableness, albeit on the high end, under the facts of this case.

Costs

Finally, plaintiff seeks an award of costs in the amount of $1,750.44. Defendant does not challenge the total of claimed costs or any element of it. With only one exception, the court finds the claimed expenses to be reasonable and recoverable. Plaintiff's counsel includes a charge for "Westlaw" in the amount of $120.00, and notes that the firm has a practice of charging $10.00 per month for each month a file is open. Expenses for computer-assisted legal research have generally been found chargeable where they were incurred for a particular case, but the court finds the instant arrangement, where no extra charge was incurred for any activity on this case, to be a thinly-veiled attempt to make an expense of an item of law firm overhead. Counsel could

---

attempt by this court to determine whose contributions were most useful or how much of each estimated deduction should be charged against each attorney. Thus, with the exception of the specific deduction to Attorney Banks' hours for his conversations with other FLSA lawyers, the court conflates the second step of the lodestar analysis—setting the reasonable number of hours—with the simple arithmetic of the third step. The court applies the across-the-board percentage cuts to the product of the reasonable rate as multiplied by the [net] hours claimed. Because the court finds the rates charged by all of the plaintiff's team of attorneys and paralegals to have been reasonable, all adjustments are thus necessarily made to the hours charged. Under the specific facts of this case, the court finds this approach to be functionally equivalent to the traditional lodestar approach.

just as easily apportion the costs of subscriptions to case reporters or other law books, or utility bills and staff salaries in the same manner they apportioned monthly fixed-rate charges for "Westlaw".

Accordingly, the court will reduce the requested expenses by $120.00, leaving a total of costs payable by defendant of $1,630.44.

Conclusion

In the final analysis, it is clear that this matter could have been resolved in a far more expeditious and less costly manner.  However, based upon the undersigned's thorough review of the filings in this litigation and the briefs of the parties submitted in response to the fee petition, it is hereby ORDERED that plaintiff's Motion for Attorneys' Fees and Supplemental Motion for Attorneys' Fees are GRANTED **in part**, as set forth above, and that defendant shall pay to plaintiff's counsel the sum of $61,810.44 in fees and costs.

DONE this the 25th day of October, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE